IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Jean Karren, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner and Appellee, | ) | Case No. 20120774-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (December 20, 2012) |
| Ronald Karren, | ) | |
| | ) | 2012 UT App 359 |
| Respondent and Appellant. | ) | |

-----

Fourth District, Provo Department, 064401244
The Honorable David N. Mortensen

Attorneys:     Ronald M. Karren, Lindon, Appellant Pro Se
               David J. Hunter, Orem, for Appellee

-----

Before Judges Davis, McHugh, and Voros.

¶1     Ronald Karren (Husband) appeals the Order Denying Motion to Disqualify and For Other Injunctive Relief entered on July 27, 2012. This order denied Husband's Motion for Injunction Against All LDS Civil and Judicial Authorities Subject to LDS Oaths and/or LDS Influence. We affirm.

¶2     The underlying case is a divorce proceeding by which the parties were divorced in 2009. In 2012, Husband filed the request for an injunction against "LDS judicial and civil authorities," seeking to preclude any members of the Church of Jesus Christ of Latter-day Saints (LDS Church) who are members of the judiciary or "civil authorities" from involvement in this case or any other case involving Husband. Husband alleged that he was at that time, and had been for the five years preceding the motion's filing,

detrimentally subject to the power and influence of the LDS Church through its members in positions of civil authority.

¶3     The district court correctly ruled that it "cannot enjoin the actions [of] any person or entity which has not been properly served or made a party to this matter."[1] The district court also correctly ruled that it lacked authority to order that this case be adjudicated in another state. We do not address those claims further. The district court construed the balance of Husband's claims as seeking disqualification of the court commissioner and the district court judge presiding over the divorce action based solely upon their religious affiliation. The district court denied the motion to disqualify.

¶4     Rule 63(b) of the Utah Rules of Civil Procedure requires that a motion to disqualify "shall be accompanied by an affidavit stating facts sufficient to show bias, prejudice or conflict of interest." Utah R. Civ. P. 63(b)(1)(A). Husband's motion was not accompanied by the required affidavit containing alleged facts sufficient to show bias, prejudice, or conflict of interest by any judicial officer who participated in this case. "A litigant may move for a judge's recusal upon presentation of an affidavit stating facts sufficient to show bias, prejudice or conflict of interest, but an allegation that is based on religious affiliation alone . . . is not sufficient." *Treff v. Hinckley*, 2001 UT 50, ¶ 10, 26 P.3d 212 (citation and internal quotation marks omitted). Husband's essential allegation that any judge or judicial officer is subject to disqualification based solely upon religious affiliation, without any allegation of specific facts demonstrating bias, prejudice, or conflict of interest lacks merit. Furthermore, as the district court correctly stated, the information relied upon by Husband had been in his possession throughout the five years since the initiation of divorce proceedings, and Husband identified no facts that had come into his possession within the twenty days prior to the motion's filing. *See* Utah R. Civ. P. 63(b)(1)(B)(iii) (stating that a motion to disqualify must be filed within twenty days of the latest occurrence of the following: assignment of the action or hearing, the appearance of the party, or the date on which the moving party learns or should have learned of the grounds on which the motion to disqualify is based).

---

[1]On the same date that he filed a notice of appeal from the district court's July 27, 2012 ruling, Husband filed a purported complaint seeking to join the Church of Jesus Christ of Latter-day Saints as a party. This filing is not properly before us in this appeal, and we express no opinion on whether it was procedurally appropriate or has any substantive merit.

¶5    Accordingly, we affirm the district court's order denying disqualification and other injunctive relief.

_____
James Z. Davis, Judge


_____
Carolyn B. McHugh, Judge


_____
J. Frederic Voros Jr., Judge